MOORE, Judge.
The State appeals the granting of a motion to suppress a statement given by the appellee after he had been advised of his constitutional rights three different times. We reverse.
At a lengthy hearing on the motion to suppress, the court stated that he didn’t “know whether it was good or bad”. He was apparently reflecting upon the circumstances surrounding the giving of the state-' ment. Thereafter, the court stated that he would “lean toward the defendant in order to avoid a possible reversal of the case”. Then, and for that purpose, he stated that it would be in the best interest of the court and the State for the court to grant the motion to suppress the statement given by the appellee.
Two weeks after granting the motion to suppress, the trial court conducted a hearing on appellee’s motion for release on his own recognizance. At that hearing the court further stated:
Now, as far as the suppression of the statement is concerned, I really question whether it should be suppressed. I told you my reason for suppressing it was I get tired of being reversed by the appellate court, which says I should have known better than to do something like this, or whatever, and then send the case back to be retried.
So rather than have a retrial of the case,. I granted the motion to suppress, and let the appellate court decide whether it can or cannot be admitted in the trial.
Notwithstanding that, we can still go to trial. I don’t care which way it goes. The State is put to a little more burden to prove its case. I think the State can prove it without the statements, and I think that the appellate court should reverse me and say that, “Yes, the statements that were made are admissible into evidence.”
I don’t know that they will, but I think they should.
The function of the trial court on a motion to suppress a statement is to determine whether the statement was given freely and voluntarily. This the court did not do. We are not aware that the fear of reversal is a ground to support suppression. Nor are we aware that it is the function of an appéllate court to initially determine the voluntary nature of a statement.
Accordingly, the order granting the motion to suppress is reversed and this cause remanded to the trial court to determine whether the statement was voluntarily given, and if so, to enter an order denying the motion to suppress.
REVERSED AND REMANDED.
ANSTEAD and BERANEK, JJ., concur.